Filed 3/13/24  P. v. Smith CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DEVIN MICHAEL SMITH,<br><br>    Defendant and Appellant. | G062785<br><br>(Super. Ct. No.  SWF1707619)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Riverside, Irma Poole Asberry, Judge.  Reversed and remanded with directions.

Brad J. Poore, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Eric A. Swenson and Heather B. Arambarri, Deputy Attorneys General, for Plaintiff and Respondent.

*        *        *

Devin Michael Smith appeals from the judgment convicting him of first degree burglary (Pen. Code[1] § 459), grand theft of a firearm (§ 487, subd. (d)(2)), possession of a firearm by a prohibited person (§ 29800), and vandalism (§ 594, subd. (a)).  He argues only that the trial court erred by failing to consider his suitability for mental health diversion pursuant to section 1001.36.

The Attorney General does not concede the court erred in applying the version of the statute in effect at the time of its ruling but concludes that reversal and a limited remand for purposes of conducting a suitability hearing is appropriate in light of statutory changes that became effective after the court ruled and apply retroactively to this case.

We agree with the Attorney General; we therefore need not consider whether the court erred under the prior version of the statute.  The current version of the statute, while not in effect at the time of the court's ruling, does apply retroactively pursuant to *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*).  It requires that the court consider whether Smith is suitable for pretrial mental health diversion in the circumstances of this case.  Consequently, we reverse and remand the case to the trial court with directions to make that determination.

**FACTS**

In April 2018, Smith was charged by information with the four crimes; he was later convicted of them.  The information also alleged Smith had served two prior prison terms within the meaning of section 667.5, subdivision (b), and had a prior serious felony, i.e., a conviction from August 6, 2010 for a violation of section 422, within the meaning of sections 667, subdivisions (a), (c) and (e)(1), and 1170.12, subdivision (c)(1).

---

[1]      All further statutory references are to the Penal Code.

2

The charges arose out of an incident in which Smith broke into his father's home while his father was at work. His presence and movements were captured on security cameras. The next day Smith's father observed Smith attempting to enter the home through a window.

Before trial, Smith's counsel requested that he be placed in a mental health diversion program pursuant to sections 1001.35 and 1001.36. The court made a preliminary finding that Smith met several diversion criteria, including the diagnosis of a mental disorder.

The trial court referred Smith's case for a behavioral health assessment and scheduled a hearing to determine his eligibility for diversion. At the outset of the hearing, however, the court declared a doubt as to Smith's competency to stand trial and suspended the criminal proceedings.

In June 2019, the trial court found Smith was incompetent. Fourteen months later, in August 2020, the court found Smith's competency had been restored. However, the court never rendered a decision on Smith's outstanding motion seeking pretrial mental health diversion. Instead, the case went to trial and Smith was convicted on all counts.

## DISCUSSION

Section 1001.36, subdivision (a), provides that when an accusatory pleading alleges an eligible crime,[2] "the court may, in its discretion, and after considering the positions of the defense and prosecution, grant pretrial diversion to a defendant pursuant to this section if the defendant satisfies the eligibility requirements . . . set forth

---

[2] Subdivision (d) of the statute lists crimes that are not eligible for pretrial diversion, including murder and voluntary manslaughter, rape, and other sexual offenses. None of the exceptions apply here.

3

in subdivision (b) and the court determines that the defendant is suitable for that diversion under the factors set forth in subdivision (c)."

Subdivision (b) of section 1001.36 provides that a defendant is eligible for diversion if "(1) [t]he defendant has been diagnosed with a mental disorder as identified in the most recent edition of the Diagnostic and Statistical Manual of Mental Disorders, including, but not limited to, bipolar disorder, schizophrenia, schizoaffective disorder, or post-traumatic stress disorder, but excluding antisocial personality disorder and pedophilia," and "(2) [t]he defendant's mental disorder was a significant factor in the commission of the charged offense." (*Id.*, subd. (b)(1-2).) On the latter point, the subdivision specifies that "[i]f the defendant has been diagnosed with a mental disorder, the court shall find that the defendant's mental disorder was a significant factor in the commission of the offense unless there is clear and convincing evidence that it was not a motivating factor, causal factor, or contributing factor to the defendant's involvement in the alleged offense." (*Id.*, subd. (b)(2).)

Subdivision (c) of section 1001.36 requires the court to consider whether the defendant is suitable for pretrial diversion if the defendant satisfies the eligibility requirements in subdivision (b). (§ 1001.36, subd. (c).) It then sets forth the criteria for determining suitability: "[a] defendant is suitable for pretrial diversion if all of the following criteria are met: [¶] (1) In the opinion of a qualified mental health expert, the defendant's symptoms of the mental disorder causing, contributing to, or motivating the criminal behavior would respond to mental health treatment. [¶] (2) The defendant consents to diversion and waives the defendant's right to a speedy trial, unless a defendant has been found to be an appropriate candidate for diversion in lieu of commitment pursuant to clause (iv) of subparagraph (B) of paragraph (1) of subdivision (a) of Section 1370 and, as a result of the defendant's mental incompetence, cannot consent to diversion or give a knowing and intelligent waiver of the defendant's right to a speedy trial. [¶] (3) The defendant agrees to comply with treatment as a

4

condition of diversion, unless the defendant has been found to be an appropriate candidate for diversion in lieu of commitment for restoration of competency treatment pursuant to clause (iv) of subparagraph (B) of paragraph (1) of subdivision (a) of Section 1370 and, as a result of the defendant's mental incompetence, cannot agree to comply with treatment. [¶] (4) The defendant will not pose an unreasonable risk of danger to public safety, as defined in Section 1170.18, if treated in the community." (§ 1001.36, subd. (c)(1-4).)

While the language of section 1001.36 was more restrictive when Smith requested the court to consider pretrial diversion, the Attorney General acknowledges that pursuant to *Estrada*, Smith is entitled to the benefits of the amended statute that went into effect while his appeal was pending. We agree.

In *Estrada*, our Supreme Court held that a change in law lessening the punishment for a crime will be applied to all defendants whose judgments are not final. As the Supreme Court explained the rule: "When the Legislature amends a statute so as to lessen the punishment it has obviously expressly determined that its former penalty was too severe and that a lighter punishment is proper as punishment for the commission of the prohibited act. It is an inevitable inference that the Legislature must have intended that the new statute imposing the new lighter penalty now deemed to be sufficient should apply to every case to which it constitutionally could apply. The amendatory act imposing the lighter punishment can be applied constitutionally to acts committed before its passage provided the judgment convicting the defendant of the act is not final. This intent seems obvious, because to hold otherwise would be to conclude that the Legislature was motivated by a desire for vengeance, a conclusion not permitted in view of modern theories of penology." (*Estrada, supra,* 63 Cal.2d at p. 745.)

*Estrada* applies here because section 1001.36 addresses the situation where the defendant has committed a prohibited act, but the conduct is attributable to a qualifying mental health condition. When that is the case, section 1001.36 allows the

5

court to determine that treatment, rather than punishment, may be the appropriate result. (See *People v. Williams* (2021) 63 Cal.App.5th 990, 995 [holding that the amendments to section 1001.36 "appl[y] retroactively to all cases in which the judgment is not yet final"].)

As the Attorney General concedes, "[Smith] did not have the opportunity to request diversion under the new standards set forth in section 1001.36, as his trial was complete in October 2022, a few months prior to the effective date of the amendments to section 1001.36. [Citation.] As such, [he] is entitled to a limited remand for a determination as to his eligibility for mental health diversion." We agree.

## DISPOSITION

The judgment is reversed, and the case is remanded to the trial court with directions to determine Smith's eligibility for mental health diversion under the current version of section 1001.36. If the court determines Smith is suitable for diversion, his criminal conviction is vacated. If the court determines Smith is not suitable for diversion, his conviction shall be reinstated.

GOETHALS, ACTING P. J.

WE CONCUR:

DELANEY, J.

GOODING, J.

6